UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

LEO MARTIN URBAN,

        Debtor(s)

_____/

08-09535 JRH

Chapter 7

Honorable Jeffrey R. Hughes

### CREDITOR, DEPARTMENT OF TREASURY'S RESPONSE TO DEBTOR'S OBJECTION TO AMENDED CLAIM NUMBER FIVE OF STATE OF MICHIGAN, DEPARTMENT OF TREASURY

Creditor, Michigan Department of Treasury (Michigan Treasury) through its Attorney, Attorney General Michael A. Cox and Assistant Attorney General Amy M. Patterson states as its Response to Debtor's Objection to Amended Claim Number Five of State of Michigan, Department of Treasury as follows:

1.    On or about October 27, 2008, Debtor filed his voluntary petition.

2.    On or about February 19, 2009, Debtor filed an adversary case against the State of Michigan challenging whether the State of Michigan's tax claims are dischargeable. He did not raise any claims challenging his liability as a corporate officer.

3.    Debtor requested an informal conference proceeding with the Department of Treasury to challenge his liability as a corporate officer.

4.    Debtor's request was granted and a hearing was scheduled for July 22, 2009.

5.    The adversary case was stayed on June 29, 2009 pending the outcome of the informal conference proceeding.

6.    Debtor now files this objection challenging his liability as a corporate officer.

7. MCL § 205.27a(5) provides that if a corporation liable for taxes fails to file a return or pay the tax due any of its officers are personally liable for the failure of the corporation.

8. MCL § 205.27a(5) states in pertinent part:

> If a corporation, limited liability company, limited liability partnership, partnership, or limited partnership liable for taxes administered under this act fails for any reason to file the required returns or to pay the tax due, any of its officers, members, managers, or partners who the department determines, based on either an audit or an investigation, have control or supervision of, or responsibility for, making the returns or payments is personally liable for the failure. The signature of any corporate officers, members, managers, or partners on returns or negotiable instruments submitted in payment of taxes is prima facie evidence of their responsibility for making the returns and payments.

9. The Michigan Supreme Court in *Livingstone v Department of Treasury*, 434 Mich. 771, 780; 456 N.W.2d. 684 (1990), set forth the standard for imposing personal liability upon corporate officers. It stated:

> In order to hold a person personally liable for a corporation's tax liability the Department of Treasury must first show that the person is an officer of the corporation. Then it must show either (1) that this officer has control over the making of the corporation's tax returns and payments of taxes; or (2) that this officer supervises the making of the corporation's tax returns and payments of taxes; or (3) that this officer is charged with the responsibility for making the corporation's returns and payments of taxes to the state.

10. The signature of a corporate officer on returns or negotiable instruments submitted in payment of taxes is prima facie evidence of the officer's responsibility for making the returns and payments.

11. Debtor admits to being a corporate officer holding a 50% share interest in the underlying corporation, 2 Feathers Road House, Inc.

12. Debtor's signature appears on several tax returns for 2 Feathers Road House, Inc.

13. Debtor's signature on these returns creates a rebuttable presumption that he is responsible for the corporation's failure to pay. By signing the returns the Petitioner demonstrated that his involvement with the corporation was tax specific.

14. Once Respondent's prima facie case is established, Petitioner has the burden to rebut the presumption that he or she is responsible for the corporation's failure to pay. *Sobol v Michigan Department of Treasury*, Michigan Tax Tribunal Docket No. 190108 (1996).

15. Debtor argues that he is not responsible for the taxes up to the date that the corporation was sold because the successor should be liable for the unpaid taxes.

16. Even if Debtor had any evidence to show that a successor was liable and has tax specific responsibility that would not absolve Debtor from *his* tax specific responsibility for the taxes at issue. MCL 205.27a (1), which establishes liability for a successor corporation, does not absolve a corporate officer's liability under MCL 205.27a(5).

17. MCL 205.27a(1) does not nullify MCL 205.27a(5), nor does it require pursuing successor liability first. MCL 205.27a(5) states that a purchaser shall escrow sufficient funds to cover any taxes that may be due and unpaid at the time of the sale until the seller proves that he or she has paid the taxes. If the purchaser fails to create such an escrow, then the purchaser may be liable for the taxes. MCL 205.27a(5) and a(1) offer two avenues of liability that Treasury can pursue simultaneously or in any order. The case law is clear that officers are responsible for those taxes incurred while they are officers of a corporation. In *Cygan*, in its Motion for Rehearing, the Petitioner, a liable corporate officer, argued that MCL 205.27a(1) should have been applied rather than MCL 205.27a(5), the controlling statute. The Michigan Tax Tribunal disagreed stating, "[I]f the new owner is determined to be a responsible party, the new owner is just one of several responsible parties from which Treasury may attempt to collect." *Cygan v.*

*Michigan Department of Treasury,* Michigan Tax Tribunal Docket No. 135626, Order Denying Petitioner's Motion for Rehearing (1996).

    18.    Debtor also claims at paragraph 3 of its objection that "Treasury's claim fails to account for $11,608.02 in payment received by Treasury for the periods of intended assessments."

    19.    Debtor does not provide any evidence to support that a payment of $11,608.02 was received by Treasury.

    20.    In *In re: Nejedio*, 324 Bankr. 697, 699 (Bankr. E.D. Wisc. 2005), the Court stated:

> Under Bankruptcy Rule 3001 (f), a properly executed and filed proof of claim constitutes *prima facie* evidence of both the validity and amount of the claim. According to the courts that have considered this Rule, a party objection to the claim must produce *evidence* to rebut the claim or the claim will prevail; the mere denial of the validity or amount is not sufficient to sustain an objection to a claim. Once the objector has produced evidence to overcome the presumption of validity and/or amount, the claimant must then produce additional evidence, and must prove the validity of the claim by a preponderance of the evidence. *Id.* The ultimate burden rests with the creditor, **but only after the objector has produced some evidence to rebut the claim.**
>
>                         \* \* \*
>
> The current edition of *Collier on Bankruptcy*, contains a similar statement of the law: "The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes *prima facie* evidence of the validity and amount of the claim under Federal Rule of Bankruptcy Procedure 3001 (f) and Code section 502 (a). Unless the trustee, as objector, introduces evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim.

(Quotations omitted, citations omitted.)

    21.    Treasury's records indicate that no payment in the amount of $11,608.02 was received from the Debtor or from 2 Feathers Road House, Inc. in payment of this tax debt.

**RELIEF REQUESTED**

Based on the above, Treasury respectfully requests that the debtor's objection be denied and the Court order any other relief it deems appropriate in resolving this matter.

Respectfully submitted,

Michael A. Cox
Attorney General

/s/ *Amy M. Patterson*
Amy M. Patterson
Assistant Attorney General
G. Mennen Williams Building, 2nd Floor
P.O. Box 30754
Lansing, MI 48909
Telephone: (517) 373-3203

Dated: July 23, 2009